## COMMONWEALTH *vs.* JOHN D. TALBOT.

A receipt in full of all demands is a discharge for money, within the meaning of Gen. Sts. c. 162, § 1, and may be so alleged in an indictment for forgery.

Possession of a forged instrument by a person claiming under it, is strong evidence tending to prove that he forged it, or caused it to be forged.

INDICTMENT. The first count charged the defendant with uttering and publishing as true a certain false, forged and counterfeit discharge for money, of the tenor following, namely: "South Walpole, March the 29th 1861. Received of John D. Talbot three hundred dollars in full of all demands up to date, and I relinquish all claim to the wood lot or any part therefrom. Elbridge Smith. Witness, Charles D. Bacon." The second count charged the defendant with the forgery of the same instrument. At the trial in the superior court, *Ames*, J. instructed the jury that the instrument was a discharge for money within the meaning of Gen. Sts. c. 162, § 1; and that the possession of it by the person claiming under it, or seeking to derive benefit from it, was strong evidence tending to show that he made the false signature, or caused it to be made. The defendant was convicted upon the second count, and alleged exceptions.

No counsel appeared for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. The instrument set forth in this indictment is in form a common receipt for money, in full of all demands;

14*

and the main question on these exceptions is, whether it was rightly ruled, at the trial, that it is a discharge for money, within the meaning of the Gen. Sts. *c.* 162, § 1, on which the indictment is founded, and which prescribe the punishment for forging (among other instruments) " an order, acquittance, or discharge for money or other property, or any accountable receipt for money, goods or other property." And we are of opinion that this receipt for money, as it clearly is not an accountable receipt, is, in legal effect, a discharge for money, and therefore is properly so denominated in the indictment. It is not necessary that a paper should contain the word discharge, in order to constitute it such, if it contain other words that sufficiently demonstrate that it is a discharge ; and every receipt for money, which is not an accountable receipt, is a discharge for money. See *Boardman's case,* 2 Lewin C. C. 183 ; *Regina* v. *Pries,* 6 Cox C. C. 166 ; *The State* v. *Crawford,* 13 Louis. Ann. Rep. 300 ; 1 Denison, (Amer. ed.) 271, *note.*

Unless this receipt is an acquittance, or discharge for money, the forgery of it is not punishable under the Gen. Sts. *c.* 162. Nor has the forgery of such a receipt been punishable, since the year 1692, under any statute, except for about twenty-one years, viz : from March 16th 1785, when the *St.* of 1784, *c.* 67, was passed, to March 11th 1806, when it was repealed by *St.* 1805, *c.* 88.

The *St.* of 1692 (Anc. Chart. 240, 241) prescribed a punishment for forging " any acquittance, release or other *discharge* of any debt, accompt, action, suit, demand, or other thing personal." The *St.* of 1784, *c.* 67, made punishable the forgery of " any acquittance or *receipt* for money or goods, or any certificate or accountable receipt for money or other things." The repeal of this statute in 1806 left in force no statute that designated the subjects of forgery, except the *St.* of 1804, *c.* 120, which prescribed the punishment for forging " any acquittance or *discharge* for or upon the payment of money or delivery of goods, or of any accountable receipt for money or goods " — substituting the word " discharge " for the word " receipt," which had been used in the same connection in *St.* 1784. And

this word "discharge," instead of "receipt," was retained in the first section of *c*. 127 of the revised statutes, which is reënacted by the Gen. Sts. *c*. 162, § 1.

This view of the statutes concerning forgery shows that the legislature deemed a receipt for money (not an accountable receipt) to be a discharge for money, and that the insertion of the word "receipt" in the statutes was needless, when the word "discharge" was used. Otherwise, the forging of so common an instrument as a receipt for money, in full of all demands, has been left dispunishable, as a statute offence, during one hundred and forty-eight of the last one hundred and sixty-nine years.

Perhaps the indictment might as well have alleged the forging of an acquittance as of a discharge. But we need not decide that point. Under the colony ordinance of 1646, (Anc. Chart. 115,) the forging of the paper that is copied into this indictment would have been punishable as the forgery of an "acquittance," or of a "writing to pervert equity and justice."

The jury were rightly instructed that the defendant's possession of the forged paper was strong evidence tending to prove that he forged it, or caused it to be forged. Roscoe's Crim. Ev. (2d ed.) 453.                    *Exceptions overruled*